NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3411

MICHAEL J. DOBRUCK,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Michael J. Dobruck, of Punta Gorda, Florida, pro se.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and William F. Ryan, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3411

MICHAEL J. DOBRUCK,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED:  January 25, 2007

_____

Before MICHEL, <u>Chief Judge</u>, DYK and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Michael J. Dobruck appeals from the final decision of the Merit Systems Protection Board, which sustained the arbitrator's decision upholding his removal.  We <u>affirm</u>.

## BACKGROUND

At the time of his removal, Dobruck worked as a Veterans Service Representative at the Department of Veterans Affairs Regional Office in St. Petersburg, Florida (the "agency").  On September 17, 2004, the agency issued Dobruck a notice of proposed removal for unacceptable performance.  Specifically, the notice alleged that

Dobruck had failed to meet performance standards for "productivity" and "quality of work." Dobruck responded to the notice. The agency issued a decision on the proposal on November 10, 2004, and removed Dobruck from federal service effective November 16, 2004. The decision letter informed him of his appeal rights.

On November 18, 2004, Dobruck filed a written grievance, alleging that he was removed in retaliation for filing a discrimination complaint with the Equal Employment Opportunity Commission. His grievance was ultimately submitted to arbitration and a hearing was held. On May 31, 2005, the arbitrator denied the grievance. Dep't of Veterans Affairs v. Am. Fed'n of Gov't Employees, Local 1594, FMCS No. 051207-51709-3 (May 31, 2005) ("Arbitration Decision"). Dobruck appealed to the Merit Systems Protection Board ("Board") pursuant to 5 U.S.C. § 7121(d), which permits Board review of arbitration decisions in certain cases where the employee alleges discrimination. The Board sustained the arbitrator's decision. Dobruck v. Dep't of Veterans Affairs, 102 M.S.P.R. 578 (M.S.P.B. 2006). Dobruck appeals.

DISCUSSION

In his pro se appeal, Dobruck makes two arguments: (1) that the evidence was insufficient to prove the charge of unacceptable performance; and (2) that he was denied due process because the deciding official relied on information not contained in the notice of proposed removal when making his removal decision.

A

Dobruck first takes issue with the arbitrator's determination that Dobruck's performance was unacceptable. Specifically, Dobruck argues that the agency's evidence of his performance contained many errors and that the arbitrator failed to

consider Dobruck's own evidence. The arbitrator's decision, however, was supported by substantial evidence. For instance, among the evidence presented was testimony by certain agency employees, who stated that both the quality and quantity of Dobruck's work were below performance standards. Arbitration Decision at 7. Moreover, the arbitrator's written decision clearly reflects that the arbitrator considered Dobruck's evidence. Id. Consequently, we affirm the Board's determination that the arbitrator did not err in this regard.

B

Dobruck next argues that his due process rights were violated as result of an "ex parte" communication between the deciding official and Dobruck's second-line supervisor, Bambi Anderson-Ivers, in which Anderson-Ivers told the deciding official her opinion that Dobruck had made false entries into a database in order to inflate his performance numbers. Dobruck alleges that this communication violated his due process rights because he was not afforded notice and an opportunity to respond to the allegation.

The arbitrator's decision, however, makes clear that this communication occurred after Dobruck had been removed from service:

> [The deciding official] notified grievant on November 10 that he was terminated, and grievant filed the grievance herein. Grievant and [the deciding official] met on November 23 to discuss the grievance. Although he was not required to, [the deciding official], after making his termination decision, tried to find a suitable position for grievant. . . . [He] checked with Anderson-Ivers, who felt that grievant had manipulated computer data in order to inflate his production numbers and should not be placed in a job that involved self-reporting.

<u>Arbitration Decision</u> at 8 (emphasis added). Moreover, the arbitrator made a specific finding that the deciding official considered only the charges listed in the notice of proposed removal when he made his decision to terminate Dobruck. <u>Id.</u> at 11.

On appeal, Dobruck does not attempt to challenge the arbitrator's finding that this communication occurred after he was removed from service and we see no basis for overturning that finding. Accordingly, we see no basis to hold that Dobruck's due process rights were violated.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.