**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GAIL AVENT,
                    Appellant,

          v.

DEPARTMENT OF LABOR,
                    Agency.

DOCKET NUMBER
CB-7121-14-0008-V-1

DATE: September 10, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Maureen Willoughby, Esquire, Washington, D.C., for the appellant.

Rolando N. Valdez, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a request for review of an arbitration decision, which affirmed her removal and denied her allegation of discrimination. *See* 5 U.S.C. § 7121(d); 5 C.F.R. § 1201.155. For the reasons discussed below,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we DENY the appellant's request for review and SUSTAIN the arbitrator's decision.

¶2 The agency removed the appellant from the position of Workers' Compensation Program Manager, effective March 23, 2012, for (1) excessive use of government equipment for personal, unofficial purposes, and (2) improper use of official work hours for personal, unofficial purposes. Request for Review (RFR) File, Tab 5 at 33-40. The appellant challenged the removal through arbitration, pursuant to the grievance procedure. *See* RFR File, Tab 2 at 14-15.

¶3 Prior to a hearing on the merits, the appellant submitted a motion for summary judgment, asserting that the agency violated her due process rights. *See* RFR File, Tab 5 at 25-26. The arbitrator denied this motion, finding that the agency had not committed a due process violation. *Id*. at 32. Subsequently, the arbitrator held a hearing on the merits and issued a decision, denying the appellant's grievance and sustaining her removal. RFR File, Tab 2 at 14-34.

¶4 The appellant has filed a request for review, arguing that the arbitrator erred in determining (1) that the agency did not violate her due process rights, and (2) that removal was a reasonable punishment in light of similarly-situated white employees. *Id*. at 5-10. The agency has filed a response. RFR File, Tab 5 at 4-19.

The appellant established good cause for the untimeliness of her request for review.

¶5 The appellant argues that her request for review was timely or, in the alternative, that good cause exists for the untimeliness. RFR File, Tab 2 at 1. We find that the request was untimely, but that good cause exists for the untimeliness.[2]

---

[2] The Board also has jurisdiction over the appellant's appeal. The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant alleged in her grievance that the agency discriminated against her in violation of 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision

¶6        Pursuant to 5 C.F.R. § 1201.155(b), an appellant must file a request for review of a final arbitration decision within 35 days after the date of issuance of the decision or, if the appellant shows that she received the decision more than 5 days after the date of issuance, within 30 days after the date she received the decision.  Here, the final arbitration decision is dated February 11, 2014.  RFR File, Tab 2 at 34.  Therefore, under the default calculation of 35 days, the request for review should have been filed by March 18, 2014.  However, the appellant's representative filed her request for review on March 19, 2014, using e-Appeal.  RFR File, Tab 1.  She filed again, by hand delivery, on March 20, 2014.  RFR File, Tab 2 at 1.

¶7        The appellant's representative argued that the arbitration decision was not received in her office until February 20, 2014, more than 5 days after issuance.  *Id*.  However, she did not provide a sworn statement or evidence to support this claim.  *See Hutchinson v. Department of Labor*, 91 M.S.P.R. 31, ¶ 5 (2001) (the statements of a party's representative in a pleading do not constitute evidence of timeliness).  Moreover, while the representative alleged that it was received in her office more than 5 days after issuance, she was silent as to when the appellant received the arbitration decision.  *See generally Lagreca v. U.S. Postal Service*, 114 M.S.P.R. 162, ¶ 5 (2010) (if a petitioner is represented, the time period to file a petition for review begins to run upon receipt of the decision by either the representative or the petitioner, whichever comes first).  In the absence of a showing that the appellant received the decision more than 5 days after the date of issuance, we find that the February 11, 2014 decision date is controlling,

has been issued.  *See Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 4 (2014); 5 C.F.R. § 1201.155(a)(1), (c).  Each of these conditions is met in this case.  The appellant's removal for misconduct could have been appealed to the Board, *see* 5 U.S.C. §§ 7512(1), 7513(d), & 7702(a)(1), she alleged that the agency subjected her to a disparate penalty when compared to similarly situated white employees, *see* RFR File, Tab 2 at 28, and the arbitrator issued a final decision, *id*. at 14-34.

and the request for review was due 35 days later, on March 18, 2014. Accordingly, the March 19, 2014 appeal was one day late.

¶8 To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (establishing the good cause standard for an untimely petition for review); *see also Hutchinson v. Department of Labor*, 91 M.S.P.R. 31, ¶ 7 (2001) (the *Alonzo* standard governs the late filing of a request for review of an arbitration decision). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd,* 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9 In asserting that good cause exists for her untimely filing, the appellant's attorney argues that she sent the request for review to opposing counsel on March 18, 2014, but was unable to file until the following day, March 19, 2014, due to technical difficulties with the e-Appeal system. RFR File, Tab 2 at 1. The Board's records confirm that the appellant's attorney attempted to use the system on March 18, 2014. The records also confirm that she contacted the Board the same day, reporting an inability to file an appeal that was due. Finally, the Board's records confirm that although the e-Appeal site was available, there was a higher than normal incidence of users reporting problems around that same time.

¶10 Under these limited circumstances, and considering the length of the delay, we find that good cause exists for the appellant's untimely request for review. *See Boykin v. U.S. Postal Service*, 104 M.S.P.R. 460, ¶¶ 6-7 (2007) (finding good

cause for untimeliness of one day where the appellant alleged difficulties with e-Appeal and the Board's records confirmed a higher incidence of problems with the system during the relevant period).

The appellant's due process argument is preserved, despite the arbitrator denying a motion for summary judgment on the issue prior to his final arbitration decision.

¶11    The agency does not dispute the timeliness of the request for review, generally, but asserts that the appellant's allegation of a due process violation is untimely.  RFR File, Tab 5 at 10-12.  According to the agency, the appellant should have appealed the issue within 35 days of the arbitrator's August 5, 2013 denial of the motion for summary judgment.  *Id*. at 10 (citing 5 C.F.R. § 1201.155(b)).  We disagree.

¶12    Despite the agency's argument to the contrary, our precedent does not support a requirement that an appellant request review within 35 days of an arbitrator's denial of summary judgment.  In making its argument, the agency relies on *Brookens*, 120 M.S.P.R. 678, ¶ 12 n.*.  RFR File, Tab 5 at 10. However, in *Brookens* the Board determined that the arbitrator had issued two separate and final award decisions, with different case numbers, relating to different grievances.  *Brookens*, 120 M.S.P.R. 678, ¶ 5.  Accordingly, the Board required that the employee separately establish jurisdiction over and timeliness of each request for review.  *See id*., ¶ 12 n.*.  In contrast, the arbitrator here merely denied the appellant's motion for summary judgment on August 5, 2013.  RFR File, Tab 5 at 32.  He did not issue a final arbitration decision until February 11, 2014.  RFR File, Tab 2 at 34.  Until the arbitrator issued a final decision, the Board lacked jurisdiction over any aspect of the case, including the appellant's due process argument.  *See Brookens*, 120 M.S.P.R. 678, ¶ 4 (listing this requirement among the jurisdictional elements).

<u>The appellant has not shown that the arbitrator erred in denying her due process claim.</u>

¶13    The appellant alleges that the arbitrator erred in finding that the deciding official's ex parte communications did not rise to the level of a due process violation.  RFR File, Tab 2 at 5-8.  We find that the appellant failed to prove this claim.

¶14    The standard of the Board's review of an arbitrator's award is limited; such awards are entitled to a greater degree of deference than initial decisions issued by the Board's administrative judges.  *Brookens*, 120 M.S.P.R. 678, ¶ 8.  The Board will modify or set aside an arbitration decision only when the arbitrator has erred as a matter of law in interpreting a civil service law, rule, or regulation.  *Id*. Even if the Board disagrees with an arbitrator's decision, absent legal error, the Board cannot substitute its conclusions for those of the arbitrator.  *Id*.  Thus, the arbitrator's factual determinations are entitled to deference unless the arbitrator erred in his legal analysis, for example, by misallocating the burdens of proof or employing the wrong analytical framework.  *Id*.

¶15    In addition to the deference afforded arbitration awards, we note that an appellant seeking review of an arbitration decision has the burden of providing the Board with materials necessary to support matters raised on review.  *Holly v. Department of Health & Human Services*, 92 M.S.P.R. 601, ¶ 10 (2002); 5 C.F.R. § 1201.155(d)(4).  Here, the only evidence the appellant provided was the final arbitration decision.  *See* RFR File, Tab 2 at 14-34.  In its response, the agency provided its removal letter, RFR File, Tab 5 at 33-40, and the arbitrator's denial of summary judgment, *id*. at 21-32.  However, the record does not include the proposal to remove the appellant, a transcript or recording of the arbitration hearing, or any other supportive evidence.

¶16    Based upon the limited information available to us, we conclude that the arbitrator looked to the correct law regarding the appellant's allegation of a due process violation.  *See id*. at 29-32.  In *Stone v. Federal Deposit Insurance*

*Corporation*, [179 F.3d 1368](#), 1376 (Fed. Cir. 1999), our reviewing court held that introduction of new and material information to the deciding official through ex parte communications undermines the due process guarantee of notice and an opportunity to respond because the employee is no longer on notice of all the reasons for the action and/or the evidence relied upon by the agency. In determining if an ex parte communication introduces new and material information, the Board considers, among other factors, whether: (1) the ex parte communication merely introduces cumulative information or new information; (2) the employee knew of the error and had a chance to respond to it; and (3) the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Id*. at 1377. Ultimately, the inquiry is whether the deciding official's consideration of the additional material was so substantial and so likely to cause prejudice that no employee could fairly be required to be subjected to a deprivation of property absent an opportunity to respond. *Id*.

¶17        The foregoing analysis applies to ex parte communications concerning both charges and penalties. *See Ward v. U.S. Postal Service*, [634 F.3d 1274](#), 1279-80 (Fed. Cir. 2011). In *Ward*, the court stated, "if ex parte communications influence a deciding official's penalty determination, contributing to the enhancement of the penalty to removal, the communications impact the employee's property interest in continued employment no less than if they relate to the underlying charge." *Id*. at 1280. The court also characterized *Stone* as "emphasiz[ing] the importance of giving an employee notice of any aggravating factors supporting an enhanced penalty as well as a meaningful opportunity to [respond]." *Id*.

¶18        Here, the arbitrator considered *Stone* and *Ward* before concluding that the communications at issue did not rise to the level of a due process violation. RFR File, Tab 5 at 29-32. The agency's January 2012 proposal to remove was premised on the allegation that the appellant performed services for outside

employment from her government computer, during working hours, between November 24, 2009, and May 7, 2011. *See* RFR File, Tab 2 at 16, Tab 5 at 33-34. Among other things, in responding to the proposal, the appellant asserted that she completely stopped accessing personal files or unofficial websites by July 2011. *See* RFR File, Tab 5 at 37. Therefore, the appellant argued that she was completely rehabilitated, and disciplinary action would be purely punitive in nature. *See id.* at 37-38; *see also Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (among the factors that may be relevant in determining the appropriateness of a penalty are the potential for an employee's rehabilitation and the adequacy and effectiveness of alternative sanctions to deter such conduct in the future).

¶19      According to his decision letter, the deciding official investigated the veracity of the appellant's argument by working with staff to audit her computer usage between July 2011, when she was reportedly rehabilitated, and December 2011, just before the proposed removal. RFR File, Tab 5 at 37. This audit revealed that the appellant continued to access hundreds of personal documents and unofficial web sites during those months leading up to the proposed removal. *Id.* The decision letter referenced those findings in analyzing three *Douglas* factors: potential for rehabilitation, adequacy of alternative sanctions, and the clarity with which the appellant was on notice of the rules. *Id.* at 37-39. In pertinent part, the decision letter states, "Because the assertions of your rehabilitation are in direct conflict with fact, I cannot find that your potential for rehabilitation is a mitigating factor as is suggested in your responses." *Id.* at 38. It also states, "Even if it were true that you had stopped the misconduct . . . (which the record demonstrates you did not do), I would find it difficult to believe in the likely rehabilitation of someone engaging in behavior such as yours constantly and frequently over such a long period of time as included in the Proposal to Remove." *Id.* at 39.

¶20     In denying the appellant's motion for summary judgment, the arbitrator analogized these facts to those of *Blank v. Department of the Army*, 247 F.3d 1225, 1229-30 (Fed. Cir. 2001), where our reviewing court recognized that a deciding official may conduct a limited inquiry to confirm or clarify information already in the record. RFR File, Tab 5 at 31-32. In *Blank*, the court found no due process violation where a deciding official obtained ex parte communications through a post-proposal investigation that sought to determine whether there were inconsistencies in the agency's case and whether facts supported the employee's defenses of discrimination and hostile work environment. *Blank*, 247 F.3d at 1227, 1229-30. Citing that precedent, the arbitrator concluded that the deciding official's inquiry of the appellant's computer usage between the last day of charged misconduct and the proposed removal was not "new and material" because it was merely used to "confirm and clarify" information already in the record. RFR File, Tab 5 at 31-32. The arbitrator reasoned that the appellant raised the issue, she presumably had the information at her disposal, and the information was used only to verify a mitigating factor. *Id*. at 30-31.

¶21     On the one hand, in a case factually similar to the appellant's, we reversed an administrative judge's decision to find that the agency violated an employee's due process guarantee. *Seeler v. Department of Interior*, 118 M.S.P.R. 192 (2012). The deciding official in *Seeler* contacted an employee's former supervisor to confirm and clarify what was already in the record for a proposed removal. *Id*., ¶ 6. However, the supervisor's response not only confirmed what was in the record, it contained an allegation that the employee told her she should have lied for him about the charges. *Id*. The deciding official cited this allegation in the decision letter, when discussing the appropriate penalty. *Id*., ¶ 7. In *Seeler*, we concluded that although the inquiry was intended to confirm and clarify what was already in the record, the ex parte communication gleaned was actually new and material information, resulting in a due process violation. *Id*., ¶ 8.

¶22    On the other hand, the Board sustained an arbitrator's decision that the agency did not violate an employee's due process guarantee by engaging in ex parte communications in *Dobruck v. Department of Veterans Affairs*, 102 M.S.P.R. 578, ¶¶ 13-15 (2006), *aff'd*, 212 F. App'x 997 (Fed. Cir. 2007).  In that case, the agency proposed an employee's removal for unacceptable performance.  *Id*., ¶ 3.  However, the employee alleged that the deciding official engaged in ex parte communications with his managers regarding allegations of misconduct before issuing his decision.  *Id*., ¶ 13.  The arbitrator denied the due process claim, finding that the deciding official relied solely on the employee's performance in rendering his decision.  *Id*., ¶ 14.  On review, the Board concluded that the employee had failed to show that the arbitrator erred as a matter of law.  *Id*., ¶¶ 14-15.  In so concluding, we cited the deference afforded an arbitrator's factual determinations and an appellant's burden of providing the Board with supportive materials, such as a transcript of the arbitration hearing or exhibits.  *Id.*

¶23    Although it appears as if the ex parte communications at issue here are similar to those of *Seeler*, and could have risen to the level of a due process violation, the appellant did not provide the Board with the necessary materials to overcome the deference afforded an arbitrator's conclusions.  *See Brookens*, 120 M.S.P.R. 678, ¶ 8; *Holly*, 92 M.S.P.R. 601, ¶ 10; 5 C.F.R. § 1201.155(d)(4).  In the decision letter, the deciding official indicated that he considered the ex parte communications to confirm the absence of mitigating factors.  RFR File, Tab 5 at 37-39.  Without evidence such as the proposal letter or testimony from the deciding official, we cannot conclude that the ex parte communications went beyond that limited purpose and actually "contribut[ed] to enhancement of the penalty to removal."  *Ward*, 634 F.3d at 1280.  Nor can we conclude that the communication was "so substantial and so likely to cause prejudice that it undermines the due process guarantee."  *Stone*, 179 F.3d at 1376-77.

<u>The appellant has not shown that the arbitrator erred in denying her discrimination claim.</u>

¶24      The appellant alleges that the arbitrator erred by finding that removal was a reasonable penalty when compared to similarly-situated white individuals. RFR File, Tab 2 at 8-9. We find that the appellant failed to prove this claim.

¶25      After weighing witness testimony, the arbitrator dismissed the allegation that the appellant was subjected to a disparate penalty when compared to white individuals. *Id*. at 28-29. He reached this conclusion by finding that there was insufficient evidence of the claim, "especially when considering the sparse testimony of the [appellant] and the straight forward [sic] testimony of [another witness]." *Id*.

¶26      Because the appellant failed to present the Board with a transcript of the hearing and the arbitrator relied on testimony in dismissing the appellant's allegation, we are unable to assess the determinations at issue. *See Holly*, 92 M.S.P.R. 601, ¶ 10; 5 C.F.R. § 1201.155(d)(4). Absent any supporting evidence, the appellant's claim constitutes mere disagreement with the arbitrator's finding, which is entitled to deference. *See Holly*, 92 M.S.P.R. 601, ¶ 10. Therefore, we decline to consider this matter further.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

     You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.