# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIM LOAN HUYNH,
          Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
          Agency.

DOCKET NUMBER
CB-7121-14-0023-V-1

DATE: January 22, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Thomas J. Gagliardo, Baltimore, Maryland, for the appellant.

Jessica Craig, Baltimore, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## ORDER

¶1      The appellant has requested review of an arbitrator's decision, which denied her grievance filed pursuant to removal for unacceptable performance. For the reasons set forth below, we GRANT the request for review under 5 U.S.C.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

§ 7121(d) and FORWARD the matter to the Northeastern Regional Office for further adjudication of the retaliation issue.

¶2     The agency removed the appellant, an information technology specialist, GS-12, with the Office of Applications and Supplemental Security Income Systems, Social Security Administration, for unacceptable performance pursuant to 5 U.S.C. § 4303 and Article 21, Section 8 of the national collective bargaining agreement (CBA) between the American Federation of Government Employees (AFGE) and the agency (hereinafter "the Master Agreement"). Arbitration Review File (ARF), Tab 1, Appendix (App.) A at 2-3. The appellant grieved her removal. The grievance advanced to arbitration and a hearing was held. *Id.* at 3. The arbitrator accepted all issues that the agency and the appellant had placed in consideration, including an issue to which the agency had objected: Whether the agency had retaliated against the appellant because she filed a Workplace Issues Report, and later an equal employment opportunity (EEO) complaint, alleging that her immediate supervisor discriminated against her based on age, color, national origin, race, and sex. *Id.* at 3-6.

¶3     The arbitrator concluded from the testimony and record that the appellant "was clearly unable to successfully perform key components of her position," and the agency was justified in removing her, after having offered her assistance and an opportunity to improve pursuant to the Master Agreement. *Id.* at 27. The arbitrator found no credible evidence that the agency failed to assist the appellant in learning to perform her duties; rather, it appeared that she received more assistance than she reasonably could have expected. *Id.* The appellant argued that, pursuant to the Master Agreement, the agency should have demoted her to a lower-graded position rather than removing her. *See id.* at 23-25. The arbitrator did not agree, finding that the agreement gave the agency discretion to remove her rather than to reassign or demote her, though he also opined that it was "unfortunate" that the agency chose removal, given that a lower-graded position had already been approved for her. *Id.* at 31. However, he also found "no

compelling evidence" linking the appellant's EEO activity to her removal. *Id.* at 27.

¶4    The appellant filed a timely request for review of the arbitrator's decision. The Board has jurisdiction to review the decision under 5 U.S.C. § 7121(d). The subject matter of the grievance is one over which the Board has jurisdiction, the appellant alleged discrimination as stated in 5 U.S.C. § 2302(b)(1) in connection with the underlying action,[2] and a final decision has been issued. *See De Bow v. Department of the Air Force*, 97 M.S.P.R. 5, ¶ 4 (2004); ARF, Tab 1. The Board's standard of review for an arbitrator's decision is limited; such decisions are entitled to a greater degree of deference than initial decisions issued by administrative judges. *Vena v. Department of Labor*, 111 M.S.P.R. 165, ¶ 5 (2009). The Board will modify or set aside such a decision only when the arbitrator has erred as a matter of law in interpreting a civil service law, rule, or regulation. *Id.* Even if the Board disagrees with the arbitrator's decision, the Board cannot substitute its conclusions for those of the arbitrator absent legal error. *Id.* The arbitrator's factual determinations are entitled to deference unless the arbitrator erred in his legal analysis, for example, by misallocating the burdens of proof or employing the wrong analytical framework. *Hollingsworth v. Department of Commerce*, 115 M.S.P.R. 636, ¶ 7 (2011).

¶5    The appellant argues that the arbitrator misinterpreted the Master Agreement, finding that the agency had the discretion to remove her rather than to reassign or demote her. ARF, Tab 2 at 2, 4; *see id.*, App. A at 31. An arbitrator is uniquely qualified to interpret a CBA, which is the source of his authority. *Fanelli v. Department of Agriculture*, 109 M.S.P.R. 115, ¶ 6 (2008). An arbitration award that "draws its essence" from the CBA is entitled to deference, and the Board will vacate it only when it manifests an infidelity to this

---

[2] Allegations of reprisal for EEO activity constitute a cognizable claim under 5 U.S.C. § 2302(b)(1). *See Chandler v. Social Security Administration*, 80 M.S.P.R. 542, ¶ 4 (1999).

obligation. *Id.*, ¶ 10. An arbitration award is deficient as to failing to draw its essence from the CBA if the award: (1) cannot in any rational way be derived from the agreement; (2) is so unfounded in reason and fact and so unconnected with the wording and purposes of the CBA as to manifest an infidelity to the obligation of the arbitrator; (3) does not represent a plausible interpretation of the agreement; or (4) evidences a manifest disregard of the agreement. *Id.*, ¶ 11.

¶6        Here, the arbitrator's interpretation is rationally derived from the Master Agreement and is, in fact, the most plausible interpretation of that agreement. Article 21, Section 8(A) of the agreement states:

> Managers will initiate a performance-based action if, despite the additional assistance provided in accordance with the [Opportunity to Perform Successfully (OPS)] Plan, the employee's performance has not improved to the Successful Contribution Level by the end of the OPS period. This will result in the employee's *reassignment to another position; e.g., the prior position, or reduction in grade, or termination*.

ARF, Tab 1, App. A at 15 (emphasis added). The plain language of the Master Agreement thus gives management the flexibility to handle problem performers based on individual circumstances. The record shows that management here considered options other than removal especially during the period in which the appellant was on the OPS Plan. *Id.* at 21, 24-25. Although AFGE's past National President John Gage[3] testified in support of the appellant's position that the agreement "represent[s] a 'progression' for the purpose of minimizing damage to employees," *id.* at 24, the Board is not required to give deference to an interpretation of a CBA reached in prior arbitrations involving other employees, *Horner v. Schuck*, 843 F.2d 1368, 1377 (Fed. Cir. 1988). The appellant's argument that the arbitrator erroneously interpreted Article 21, Section 8(A) of the Master Agreement is thus unavailing.

---

[3] Mr. Gage was president of AFGE Local 1923 for 22 years and National President for 10 years. ARF, Tab 1, App. A at 24. Mr. Gage also testified that as the National President, he had served as a negotiator for the Master Agreement signed in 2012. *Id.*

¶7    The appellant also argued that retaliatory animus lay at the root of the agency's failure to assign her to the lower-graded position that had already been approved for her.  ARF, Tab 1 at 3.  She specifically takes issue with the following language from the decision:

> It is the further opinion of the undersigned Arbitrator that the Union's claim that the **Grievant's termination was, in part, based upon retaliation for her having filed a Workplace Issues Report** (Agency Ex. 17) is not decisive.  Although this claim has a bit of circumstantial merit, **there exists no compelling evidence of a causal linkage between the action and the subsequent termination of the Grievant.**  Again, by contrast, the record is fundamentally more supportive of a finding that the Grievant's removal from employment was based upon evidence that she was unable to achieve the level of being able to "independently" perform her assigned tasks at the GS-12 level.

*Id.* (emphasis in original); *see id.*, App. A at 27.  The appellant here contends that the arbitrator misstated the burden of proof by requiring her to present "compelling evidence," rather than preponderant evidence, of retaliatory animus.  ARF, Tab 1 at 3.  Additionally, she argues, the agency's retaliatory animus tipped the balance towards taking the most severe action enumerated under the Master Agreement, and that decision requires the Board to take corrective action.  *Id.*

¶8    The arbitrator, however, did not state that the appellant's burden of proof exceeded that of preponderant evidence.  Indeed, he was merely describing the quality and weight of her evidence when he stated that she had identified no compelling evidence linking her EEO activity and subsequent removal.  The appellant also failed to reference specific documents in the record that supported her argument, and, instead, she relied upon broad, conclusory assertions.  *See* 5 C.F.R. § 1201.155(d)(3); *see, e.g.*, ARF, Tab 1 at 4.

¶9    The arbitrator's analysis is nevertheless problematic.  Without citing any legal authority, he set forth for consideration an analytical standard that differs from the standard the Board normally applies.  The fourth prong of the arbitrator's standard is narrower than the fourth prong of the standard the Board

applies. *Compare, e.g.*, ARF, Tab 1, App. A at 22-23, *with Dobruck v. Department of Veterans Affairs*, 102 M.S.P.R. 578, ¶ 19 (2006), *aff'd*, 212 F. App'x 997 (Fed. Cir. 2007). The arbitrator also acknowledged that the appellant's claim had "a bit of circumstantial merit." ARF, Tab 1, App. A at 27. Accordingly, as a precautionary measure, we vacate the arbitrator's award as to the finding that no retaliation occurred, and, pursuant to our authority under 5 C.F.R. § 1201.155(e), we forward the matter to the Northeastern Regional Office for assignment to an administrative judge to make recommended findings on the retaliation claim under the appropriate legal standards.

¶10     An appellant is typically entitled to notice of the applicable burdens and elements of proof and an opportunity to submit evidence and argument under the proper standard. *See Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶¶ 10, 13-14 (2010). To the extent that the appellant may not have been afforded proper notice of her burdens and the elements of proof during arbitration, the administrative judge shall provide such notice and afford the parties the opportunity to submit evidence and argument under the proper standards before making recommended findings on the merits of those claims. *See Pace v. Department of the Treasury*, 118 M.S.P.R. 542, ¶ 11 (2012).

## ORDER

¶11     For the reasons set forth above, we FORWARD this case to the Northeastern Regional Office for further adjudication. The administrative judge shall conduct such further proceedings as necessary and make recommended findings to the Board regarding the retaliation claim. After the administrative judge issues the recommendation, the case will be forwarded back to the Board. The parties may file exceptions to the administrative judge's recommendation with the Clerk of the Board within 20 days of the date of the recommendation. The parties may respond to any submission by the other party within 15 days of

the date of such submission. The Board will subsequently issue a final decision on the merits of the appellant's request for review.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.