# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIM LOAN HUYNH,
                Appellant,

       v.

SOCIAL SECURITY
    ADMINISTRATION,
                Agency.

DOCKET NUMBER
CB-7121-14-0023-V-1

DATE: October 21, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas J. Gagliardo</u>, Baltimore, Maryland, for the appellant.

<u>Jessica Craig</u>, Baltimore, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      This request for review of an arbitrator's decision under 5 U.S.C. § 7121(d) is again before the Board for consideration. Previously, the Board found that the arbitrator's interpretation of the underlying collective bargaining agreement (CBA) was rationally derived, but the arbitrator applied the wrong legal standard

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

in analyzing the appellant's allegation that the agency had retaliated against her for prior equal employment opportunity (EEO) activity.  *Huynh v. Social Security Administration*, MSPB Docket No. CB-7121-14-0023-V-1, Order at ¶ 9-11 (Jan. 22, 2015) (hereinafter "January 22, 2015 Order"); Request for Review (RFR) File, Tab 6.  Accordingly, the Board vacated the arbitrator's award as to the finding that no retaliation occurred and forwarded the case to the Northeastern Regional Office for adjudication of that issue.  January 22, 2015 Order, ¶ 11.  After a review of the record, including the arbitration transcript,[2] the administrative judge recommended that the Board deny the retaliation claim and affirm the agency's removal action.[3]  *Huynh v. Social Security Administration*, MSPB Docket No. CB-7121-14-0023-H-1, Referral Proceeding File (RPF), Tab 17, Recommended Decision (RD) at 22.  We ADOPT the recommended decision, DENYING the retaliation claim.  We AFFIRM the arbitrator's decision, incorporating by reference the Board's findings in the January 22, 2015 Order.

¶2        This case arose from a grievance the appellant filed on January 17, 2013, after her removal from her position as an Information Technology Specialist, GS-12, for unacceptable performance pursuant to 5 U.S.C. § 4303.  RFR File,

---

[2] The administrative judge noted that neither party produced the exhibits they presented at the arbitration, despite the fact that he ordered them to, and he thus was unable to consider these items.  Referral Proceeding File (RPF), Tab 17, Recommended Decision (RD) at 5 n.3, Tab 5 at 1-2.  He further noted that the appellant failed to provide citations to the record, including page number references to the transcript, to support her argument.  RD at 8-9 n.6.  He explained that he "attempted to locate testimony relevant to her claims, but the process was onerous in the absence of the requested citations, and without copies of any of the exhibits [he] was . . . unable to fully consider the exhibits . . . and portions of the testimony were impossible to evaluate."  *Id.*  In her exceptions to the recommended decision, the appellant cited specific hearing exhibits, *see, e.g.*, RFR File, Tab 11 at 5, but she did not provide copies of these exhibits.

[3] Although the appellant did not specifically assert that the agency retaliated against her for filing a separate grievance on June 13, 2012, regarding agency actions taken on grounds of her performance issues, *see* RPF, Tab 12 at 462, 531, 545-47; RFR File, Tab 1, Appendix (App.) A at 2, 4, the administrative judge noted that the grievance was a protected activity under 5 U.S.C. § 2302(b)(9)(A), and that the recommended decision encompassed any claim that it was a motivating factor in her removal, RD at 3 n.2.

Tab 1, Appendix (App.) A at 2-3. During the series of events culminating in her removal, the appellant filed a Workplace Issues Report, and later informal and formal EEO complaints, alleging that her immediate supervisor discriminated against her based on age, color, national origin, and sex. RFR File, Tab 1 at 3-6.

¶3 In deciding the issue of retaliation, the administrative judge explained that the analytical model set forth in *Dobruck v. Department of Veterans Affairs*, 102 M.S.P.R. 578 (2006), *aff'd*, 212 F. App'x 997 (Fed. Cir. 2007), which the Board had cited in the January 22, 2015 Order, had been superseded by *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015). RD at 6-7. He thus weighed the appellant's allegations of retaliation under *Savage* and found that she failed to show by preponderant evidence that her protected activity was a motivating factor in the decision to remove her. RD at 8-19. The administrative judge further found that, even if the appellant *had* met her burden of proof, the agency showed by preponderant evidence that it would have removed her even in the absence of a retaliatory motive. RD at 19-21.

¶4 The appellant filed exceptions to the recommended decision, which the Board has considered. RFR File, Tabs 9, 11. We nevertheless find that the administrative judge correctly decided the issues related to retaliation. In *Savage*, the Board held that to prove retaliation under Title VII, an appellant need show only that a prohibited consideration was a motivating factor in the contested personnel action. In making such a showing, appellants can proffer a variety of evidence that shows, or from which one could infer, that the prohibited consideration was a motivating factor. *Savage*, 122 M.S.P.R. 612, ¶¶ 42-43. If the appellant meets her burden to prove by preponderant evidence that the prohibited consideration was a motivating factor, the burden then shifts to the agency to show by preponderant evidence that it would have nevertheless taken the same action in the absence of the discriminatory or retaliatory motive. *Id.*, ¶ 51. If the agency makes such a showing, the employment action will be upheld.

*Id.* If not, the appellant will have proven the retaliation claim was the "but-for" cause of the prohibited action, and she will be entitled to reversal. *Id.*, ¶¶ 48-49.

¶5 The appellant argued that the agency's actions leading to her removal and the removal decision itself were retaliation for her protected activity. She sought to establish a nexus between her filing a Workplace Issues Report on November 1, 2011[4]—in response to language that she considered unfavorable in her performance appraisal—and the series of events leading to her removal. RPF, Tab 13 at 10-11. The appellant asserted the existence of a close temporal proximity between her filing the report and a "pattern of antagonism" that followed. *Id.* She explained that, within a few days after she presented the report to her second-tier supervisor, M.H., her first-tier supervisor, K.B., whom she had accused of discrimination, began taking retaliatory actions against her, eventually leading to her removal. *Id.* at 11.

¶6 The appellant first asserted that K.B. changed the agency's mentorship program and "radically changed" work assignments to the appellant's disadvantage.[5] *Id.* The administrative judge found her argument to be without

---

[4] The administrative judge observed that the Workplace Issues Report did not appear to be related to the EEO process or to grievance procedures under the CBA. RD at 9 n.4. Nevertheless, he noted that both parties treated it as a protected activity under 5 U.S.C. § 2302(b)(9) in their pleadings before the arbitrator and before the Board. RD at 9 n.4. Because the record is unclear as to the regulatory or statutory basis for the Workplace Issues Report, we will not make a formal finding that the appellant's filing it was a protected activity. The plain language of 5 U.S.C. § 2302(b)(9), however, seems sufficiently broad to include such a report. *See* 5 U.S.C. § 2302(b)(9)(A) ("the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation"). In any event, the appellant also filed informal and formal EEO complaints, which are undisputedly protected activities. RPF, Tab 13 at 7-8; *see, e.g.*, *Bartel v. Federal Aviation Administration*, 14 M.S.P.R. 24, 33 (1982), *aff'd as modified*, 30 M.S.P.R. 451 (1986).

[5] In her response to the recommended decision, the appellant asserts that, among other things, K.B. changed her duties from Cobalt programming to Java programming after she filed the Workplace Issues Report in November 2011. RFR File, Tab 9 at 10. The arbitration findings, however, state that this particular change in duties took place in 2010. RFR File, Tab 1, App. A at 2.

merit, despite her contention regarding the timing of these changes. RD at 10-13. The administrative judge cited testimony from K.B., who at the time was newly appointed to the Branch Chief position, explaining her reasons for changing the mentorship program, which included the availability of new personnel to serve as mentors and her desire to broaden the focus and scope of assignments given to the mentees in the program. RD at 10-12. K.B. also testified that she had directed all of the appellant's assignments be reduced to writing because of past misunderstandings, and she had assigned the appellant a new mentor, T.K., because one of her previous mentors had become frustrated with her. RD at 10, 12. K.B. explained that, after repeated updates from T.K., it was apparent that the appellant struggled with projects that a journeyman GS-12 employee would be able to complete independently. RD at 12; RPF, Tab 11 at 203-04. K.B. thus placed the appellant on a performance assistance plan in April 2012, and thereafter, on an Opportunity to Perform Successfully (OPS) plan. RD at 12; RPF, Tab 11 at 204-05, 212, Tab 13 at 7.

¶7        While acknowledging the temporal connection between the appellant's filing the Workplace Issues Report and K.B.'s actions, the administrative judge credited K.B.'s testimony that her decisions had not been motivated by retaliatory animus. RD at 12-13. The administrative judge noted that T.K.'s testimony corroborated K.B.'s testimony that the appellant was not the only person affected by changes to the mentoring program. RD at 12-13. T.K. also observed that the appellant exhibited "significant gaps in . . . understanding and ability to complete . . . 'simple' tasks." RD at 12; RPF, Tab 11 at 426-29, 435-38. In contrast, the appellant offered no potential evidence of retaliatory animus. The administrative judge thus reasonably concluded that the appellant's evidence of temporal proximity alone was insufficient to establish that K.B. was motivated by retaliatory animus. RD at 13. We agree. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (holding that, in resolving credibility issues, an administrative judge must consider such factors as the contradiction of the

witness's version of events by other evidence or its consistency with other evidence, and the inherent improbability of the witness's version of events).

¶8    Although the primary focus of the administrative judge's analysis of temporal proximity pertained to events following the appellant's submitting the Workplace Issues Report, the appellant similarly asserts in her responses to the recommended decision that the agency's October 12, 2012 notice of proposed removal followed her August 10, 2012 formal EEO complaint by only slightly more than 2 months.   RFR File, Tab 9 at 9, Tab 11 at 17-18.   As with her allegations of retaliation arising from her submitting the Workplace Issues Report, the appellant has offered no evidence other than temporal proximity, and that alone would not establish retaliatory animus.

¶9    Around the time the appellant filed the Workplace Issues Report, she also requested reassignment to another supervisor's branch.   RPF, Tab 12 at 596.   She admitted in her testimony before the arbitrator that M.H. had denied the request in part for business reasons, *id.* at 597-98, but she nevertheless asserted that K.B.'s "claimed ignorance that reassignment was an option" was evidence of her retaliatory motive, RPF, Tab 13 at 13, Tab 14 at 6; *see* RFR File, Tab 9 at 10, Tab 11 at 13-14.   The administrative judge found this contention to be without merit, and we agree with his assessment.   RD at 13-15.   The administrative judge explained that K.B.'s managers made the decision not to reassign the appellant, and K.B. gave undisputed testimony that the proposed reassignment was unsuitable because of her performance difficulties.   RD at 14.   The administrative judge cited K.B.'s testimony that the appellant had difficulty following instructions and would be unable to perform in the position to which the agency might have assigned her.   RD at 14.   He further explained that the appellant offered no evidence that K.B. had acted contrary to her management's instructions because of the appellant's protected activity, that the agency's decision was not in any way related to her protected activity, or that it was a pretext for discrimination.   RD at 14-15.   The administrative judge likewise found

that the appellant failed to identify any potential comparators who did not engage in protected activity and were reassigned after making a request under similar circumstances. RD at 15. Although the appellant asserts she was not having performance difficulties at this time, RFR File, Tab 11 at 13-14, it was, in fact, her disagreement with comments in her performance assessment that prompted her to file a Workplace Issues Report, RFR File, Tab 1, App. A at 17.

¶10 The appellant also argued that K.B.'s decision to remove rather than demote her after she failed the OPS was retaliatory and "strongly suggestive of mendacity."[6] RPF, Tab 13 at 12; *see* RFR File, Tab 11 at 14-18. K.B. testified that she had created a position description for a noncareer ladder GS-11 position at the behest of her manager during the OPS and she had considered placing the appellant in that job. K.B. ultimately decided not to demote the appellant, and instead, proposed her removal. RPF, Tab 11 at 289-96, 299-301. The appellant asserted that K.B. was obligated to offer her the GS-11 position after having created it and that her decision not to offer the position could only be interpreted as retaliatory. RPF, Tab 13 at 11-13. She also asserted that the GS-11 position description was nearly identical to that of the GS-12 position from which she was removed, which gave K.B. a pretextual reason for not offering it to her. *Id.* at 12. She additionally argued that K.B. should have created a position at the GS-9 or GS-10 level if the GS-11 position proved to be inappropriate. *Id.* She gave much weight to the fact that the arbitrator commented at length on the fact that she had been removed rather than downgraded. RPF, Tab 13 at 11-12; RFR File, Tab 1, App. A at 31.

¶11 The administrative judge, however, found no retaliatory animus in the decision to remove the appellant rather than demote her. RD at 15-19. The

---

[6] The Board lacks the authority to review or modify an agency penalty in an action taken under 5 U.S.C. § 4303. *Lisiecki v. Federal Home Loan Bank Board*, 23 M.S.P.R. 633, 636-47 (1984), *aff'd*, 769 F.2d 1558 (Fed. Cir. 1985). The administrative judge thus addressed the penalty determination only to the extent that it related to the retaliation claim. RD at 15 n.9.

administrative judge characterized K.B.'s testimony as "logical and persuasive" regarding the timeline for creating the position, the source of the position description, and her considerations in determining whether to demote or remove the appellant. RD at 18. He particularly noted her testimony that the appellant's demonstrated performance deficiencies would have carried over to lower-graded positions, including positions at the GS-9 or GS-10 level. RD at 18-19. He found no evidence that K.B. had been instructed to retain the appellant, only that she prepare to consider the option if appropriate. *Id.* We agree with the administrative judge's findings on this issue and with his conclusion that the appellant failed to show that her protected activity was a motivating factor in the decision to remove her. RD at 19.

¶12 Finally, the administrative judge found that the agency showed by preponderant evidence it would have removed the appellant in the absence of any retaliatory motive had she shown that such a motive existed. RD at 19-22. The administrative judge relied on K.B.'s extensive testimony regarding the appellant's performance issues and testimony of her mentor, T.K. *Id.*; *see* RPF, Tab 11 at 236-74, 435-38, 453-56. The administrative judge concluded that the agency made a strong showing in support of the merits of its action. RD at 21. We concur and adopt the recommended decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by

a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD                                 _____
                                              Jennifer Everling
                                              Acting Clerk of the Board

Washington, D.C.